UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTRELL DANIEL HOWARD

    Petitioner,

v.

THOMAS BELL, Warden,

    Respondent.
                                   /

CASE NO. 2:10-CV-10434
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
HONORABLE PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

# **REPORT AND RECOMMENDATION**

*Table of Contents*

I.   RECOMMENDATION……………………………………………………………………………… 1
II.  REPORT……………………………………………………………………………………………..... 1
     A.  *Procedural History*………………………………………………………………………… 1
     B.  *Factual Background Underlying Petitioner's Conviction*……………………………………. 3
     C.  *Standard of Review*………………………………………………………………………… 4
     D.  *Claims Based on the Michigan Constitution (Ground 3)*……………………………………….. 6
     E.  *Claims Based on Entitlement to a Cobbs Evaluation (Ground 1)*……………………….. 6
     F.  *Counsel Claims (Ground 2)*………………………………………………………………… 8
     G.  *Claims Based on Deprivation of Rights under the U.S. Constitution (Ground 3)*……………….. 11
     H.  *Recommendation Regarding the Certificate of Appealability*………………………………… 12
         1. *Legal Standard*……………………………………………………………………………… 12
         2. *Analysis*……………………………………………………………………………….. 14
     I.  *Conclusion*……………………………………………………………………………….. 14
III. NOTICE TO PARTIES REGARDING OBJECTIONS.…………………………………………….. 15

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I.   RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. The Court should also deny petitioner a certificate of appealability.

II.  REPORT:

A.   *Procedural History*

1.        Petitioner Martrell Daniel Howard is a state prisoner, currently confined at the

West Shoreline Correctional Facility in Muskegon Heights, Michigan.

2.        On June 30, 2008, petitioner was convicted of two counts of delivery/manufacture of 50-to-449 grams of a controlled substance, MICH. COMP. LAWS § 333.7401(2)(a)(iii), following a guilty plea in the Oakland County Circuit Court.  On August 4, 2008, he was sentenced to a term of 78 months' to 20 years' imprisonment.

3.        Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

> I.    [Petitioner] is entitled as a matter of due process of the law to specific performance of *Cobbs* evaluation to a minimum of 51 months and no greater than 61 months.
>
> II.   Trial Counsel was constitutionally ineffective for failing to properly inform and advise [petitioner] regarding the nature and consequences of the sentence agreement with the court, in violation of [petitioner's] due process rights under US Const, Ams VI, XIV,; Const 1963, Art 1, §§ 17, 20.
>
> III.  The trial court unlawfully deprived [petitioner] of the proper application of state laws, rules, statutes and principles and his due process, equal protection, and other protected rights under the United States and Michigan constitution applicable to sentencing [petitioner].

The court of appeals denied petitioner's application for leave to appeal in a standard order.  *See People v. Howard*, No. 290665 (Mich. Ct. App. Apr. 14, 2009).

4.        Petitioner, proceeding *pro se*, sought leave to appeal these three issues to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Howard*, 485 Mich. 865, 771 N.W.2d 736 (2009).

5.        Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on December 16, 2009.  As grounds for the writ of habeas corpus, he raises three claims for relief:

      I.      [Petitioner] is entitled as a matter of due process of the law to specific performance of *Cobbs* evaluation to a minimum of 51 months and no greater than 61 months.

      II.      Trial Counsel was constitutionally ineffective for failing to properly inform and advise [petitioner] regarding the nature and consequences of the sentence agreement with the court, in violation of [petitioner's] due process rights under US Const, Ams VI, XIV,; Const 1963, Art 1, §§ 17, 20.

      III.      The trial court unlawfully deprived [petitioner] of the proper application of state laws, rules, statutes and principles and his due process, equal protection, and other protected rights under the United States and Michigan constitution applicable to sentencing [petitioner].

6.      Respondent filed his answer on August 9, 2010. He contends that petitioner's claims are either without merit or are state law claims which are not cognizable in habeas review.

B.    *Factual Background Underlying Petitioner's Conviction*

On June 30, 2008, petitioner pleaded guilty to two counts of delivery/manufacture of 50-to-449 grams of a controlled substance. Petitioner indicated that he had discussed the plea with his attorney and understood the charges against him. *See* Plea Tr., at 4-5. He also indicated that he was pleading guilty freely and voluntarily. *See id* at 8. The court explained the potential maximum sentence to petitioner, as well as the rights petitioner was waiving by pleading guilty. Petitioner indicated that he understood his rights. *See id* at 4-7. He denied that anyone had promised him anything other than the *Cobbs* agreement where in the event that petitioner received a sentence beyond the bottom third of the guidelines, the court would entertain a motion to set aside the plea.[1] *See id* at 7-8. Petitioner denied that anyone had threatened him, and indicated that it was his choice to plead guilty. *See id* at 8. The court then accepted petitioner's

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the

3

plea. *See id* at 9.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1)

---

defendant's right to withdraw his plea if the actual sentence imposed is more severe.

4

permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the

requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Claims Based on the Michigan Constitution (Ground 3)*

In his third claim, petitioner relies on both the state and federal constitutions as providing the legal bases for habeas relief. Petitioner is not entitled to habeas relief on any claim which is based on the Michigan constitution. It is well established "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, petitioner's claims based on the Michigan constitution do not provide a basis for habeas relief. *See Taylor v. Lecurex*, No. 94-2239, 1995 WL 290271, at *3 (6th Cir. May 11, 1995) (claim premised on Michigan constitution not cognizable in habeas proceeding); *see also*, *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (Gadola, J.); *Flagg v. Robinson*, No. 99-CV-75474-DT, 2000 WL 1772607, at *14 (E.D. Mich. Oct. 31, 2000) (Hood, J.). Accordingly, the remainder of this Report discusses petitioner's claims solely under the federal constitution.

E.  *Claims Based on Entitlement to a Cobbs Evaluation (Ground 1)*

To the extent that petitioner is attempting to argue that the trial court's scoring of OV-14 breached the *Cobbs* agreement or rendered his plea involuntary, such a claim is without merit. All involved were in agreement that the plea deal did not include an agreement on the applicable sentence range or on the actual sentence that the trial court would impose. The estimate as to the

sentence was not a term of the agreement to which the prosecutor could be held. *See United States v. Oyegbola*, 961 F.2d 11, 14-15 (1st Cir. 1992); *United States v. Fortney*, 957 F.2d 629, 631 (8th Cir. 1992) (per curiam); *cf. United States v. Cavender*, 228 F.3d 797, 803 (7th Cir. 2000) ("Usually, where the sentencing calculations in a plea agreement are described as 'preliminary,' the later imposition of a higher sentence does not violate the plea agreement."). Nor can petitioner show that his plea was involuntary and unknowing because he subjectively believed under the *Cobbs* agreement his sentence would be less, for the same reason he cannot show a breach of the plea agreement. *See Wright*, 247 Fed. Appx. at 706-07; *Crabble*, 2007 WL 2983636, at *3. A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).

Accordingly, to the extent petitioner is attempting to argue that the scoring of OV-14 rendered his plea involuntary, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.     *Counsel Claims (Ground 2)*

Petitioner next contends that counsel was ineffective for advising him that his likely guideline score, in conjunction with the trial court's *Cobbs* agreement to sentence him to no more than the midpoint of the guideline range, would result in no more than 51 to 61 months' imprisonment. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.

*See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id*. at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not

9

>enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also*, *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.) (same); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

Furthermore, the United States Supreme Court has explained:

>Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
>That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson*, 397 U.S. 759, 770 (1970). Thus, counsel's allegedly erroneous advice regarding petitioner's likely sentence does not provide a basis for habeas relief. *See Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993). Importantly, the trial judge informed petitioner that no specific sentence was contemplated by the agreement, and that the guidelines had yet to be scored, and petitioner indicated that he understood these facts. Petitioner also denied that he had been promised any particular sentence. Thus, any prejudicial effect of trial counsel's erroneous advice was cured by the trial court's statements to petitioner, and petitioner's plea was not involuntary because of counsel's erroneous advice. *See Christy v. Lafler*, No. 05-CV-74390-DT, 2007 WL 1648921, at *5 (E.D. Mich. June 6, 2007) (Cleland, J.); *Owczarczak v. Bock*, No.

10

01-10031-BC, 2004 WL 192414, at *5 (E.D. Mich. Sept. 26, 2004) (Lawson, J.); *cf. Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992) (internal quotation omitted) (plea not rendered involuntary by counsel's erroneous advice regarding sentencing where trial court's plea colloquy "apprised [the petitioner] of the actual sentencing possibilities."). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.  *Claims Based on Deprivation of Rights Under the US Constitution (Ground 3)*

Petitioner's claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted because the United States Supreme Court has limited its holding concerning mitigating evidence to capital cases. *See Alvarado v. Hill*, 252 F.3d 1066, 1069 (9th Cir. 2001) (citing to *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991)); *see also Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (stating that the Eight Amendment does not require consideration of mitigating factors at sentencing in non-capital cases). Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred because of the trial court's purported failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Petitioner's claim that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *see also United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Only "an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Ewing v. California*, 538 U.S. 11, 36 (2003) (stating that the principle

11

applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life without the possibility of parole." *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner's sentence falls within the maximum penalty under state law, and he was not sentenced to death or life in prison without the possibility of parole. The sentence does not present the extraordinary case that reveals a violation of the Eighth Amendment's ban of cruel and unusual punishment. Petitioner's contention that his sentence was disproportionate or cruel and unusual is without merit.

In sum, petitioner has failed to establish a violation of his federal constitutional rights which warrants habeas relief.

H.   *Recommendation Regarding Certificate of Appealability*

   1.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in

*Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]"  *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009

13

amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

      2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.  In order to obtain a certificate of appealability, petitioner must make a substantial showing of the denial of a constitutional right.  *See* U.S.C. § 2253(c)(2).  To demonstrate this denial, petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  However, for the reasons explained above, the resolutions of petitioner's claims are not reasonably debatable.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

I.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation,

the Court should also conclude that petitioner is not entitled to a certificate of appealability.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


<u>s/Paul J. Komives</u>
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: <u>1/26/11</u>

15

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 26, 2011.
>
> s/Eddrey Butts
> Case Manager