UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTRELL DANIEL HOWARD,

    Petitioner,

vs.

                        Case No. 2:10-CV-10434
                        HON. GEORGE CARAM STEEH
                        MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS BELL, Warden,

    Respondent.

_____/

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION,
DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND GRANTING A CERTIFICATE OF APPEALABILTY

This matter is before the court on Martrell Daniel Howard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 30, 2008, Mr. Howard ("petitioner") entered a plea of guilty to two counts of delivery/manufacture of 50-to-449 grams of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iii) (1978), in Oakland County Circuit Court Case No. 08-221161-FH. On August 4, 2008, petitioner was sentenced to a term of 78 months to 20 years in prison for each of the two counts, with the sentences to run concurrent to each other.

On December 16, 2009, proceeding *pro se* after exhausting his appeals in the state court system, petitioner filed this application for a writ of habeas corpus. As grounds for habeas relief, petitioner raises three claims. Respondent filed an answer on

August 9, 2010 and Magistrate Judge Paul J. Komives filed a report and recommendation on January 26, 2011.  Petitioner filed three objections to the report and recommendation on February 16, 2011, reiterating the identical arguments presented in his initial § 2254 petition for habeas corpus relief.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  For the reasons set forth below, the court finds petitioner's three objections without merit and accepts the magistrate judge's recommendation to deny habeas corpus relief on these claims.

**I.     Claims Based on Entitlement to a Cobbs Evaluation (Ground 1)**

Petitioner objects to the magistrate judge's conclusion that petitioner cannot demonstrate a breach of a *Cobbs* agreement by sentencing petitioner beyond 51-to-61 months, nor that his plea was involuntary.  (Pet'r's Obj. at 2.)  Petitioner contends that all involved agreed that the sentence was to be within 51-to-61 months and that a sentence above that range rendered his plea involuntary because he would not have pleaded guilty had he known that the minimum sentence would be greater than the range agreed upon.  (*Id.*)  Such a claim is without merit.

The Constitution requires that for a plea to be valid, the defendant be informed of all direct consequences of his plea.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970).  In addition, a solemn declaration of guilt by the defendant carries a presumption of truthfulness.  *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977).  When a defendant

2

brings a federal habeas petition challenging his plea as involuntary, the burden is generally satisfied by producing a transcript of the state court proceeding. *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993).

A *Cobbs* agreement, a distinct aspect of Michigan law, is a judge's on-the-record statement, at the time of a guilty plea, regarding the length of sentence that appears to be appropriate, based on information known at that time. *People v. Cobbs,* 443 Mich. 276, 505 N.W.2d 208 (1993). *Cobbs* established that if a trial court later decides to exceed the anticipated sentence, the defendant is entitled to the opportunity to withdraw his plea and proceed to trial, where he pleaded guilty in reliance on the court's agreement to sentence him within a lower range. *Id.*

Here, the transcript of the plea shows that the *Cobbs* agreement did not include a specific sentencing range. *See* Plea Tr., at 7-8. The *Cobbs* agreement was simply that if the court intended to impose a minimum sentence greater than the bottom third of the guidelines, the court would entertain a motion to set aside his guilty plea and proceed to trial. *Id.* at 8. There was no agreement to assume a specific sentencing guideline range of 51-61 months, for purposes of the *Cobbs* agreement. *Id.* At sentencing, the probation department calculated and the court adopted a guideline range of 78 months to 130 months for the minimum sentence. *See* Sentencing Tr., at 4-5. The court did not sentence petitioner "beyond the bottom third of the guidelines" range by sentencing petitioner to a minimum term of 78 months. Significantly, petitioner made no objections to the sentence. Nor did he seek to withdraw his guilty plea at the sentencing hearing. Petitioner also indicated on the record that he was pleading guilty freely and voluntarily. *See* Plea Tr., at 7-8. Petitioner's subjective understanding that under the *Cobbs*

3

agreement his sentence would be less does not make his plea involuntary. *See Wright v. Lafler*, 247 Fed. Appx. 701, 706-07; *Crable v. Sherry*, No. 2:06-CV-14861, 2007 WL 2983636, at *3 (6th Cir. Oct. 11, 2007).

Petitioner's objection to the magistrate judge's report and recommendation is overruled. Petitioner's claim that his plea was involuntary because the trial court breached the *Cobbs* agreement is devoid of merit.

## II.     Ineffective Assistance of Counsel (Ground 2)

Next, petitioner objects to the magistrate judge's finding that his claim of ineffective assistance of counsel lacks merit. (Pet'r's Obj. at 3.) Petitioner contends that counsel was ineffective for not advising him that the trial judge would sentence him beyond 51-to-61 months' imprisonment. The two-prong *Strickland v. Washington* test applies to petitioner's Sixth Amendment ineffective assistance of counsel claim. 466 U.S. 668, 687 (1984). Under the *Strickland* test, to establish ineffective assistance of counsel, petitioner must show that: (1) counsel's representation fell below an objective standard of reasonableness, mainly that the errors made were so serious that "counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687.

With respect to the first prong of the *Strickland* test, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Petitioner must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 689.

4

Regarding the "prejudice" prong, the reviewing court must determine, based on the totality of evidence, "whether there is a reasonable probability that, absent errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. As in this case, where a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' prong, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). This determination depends in large part on a prediction of what the outcome of the trial might have been, had petitioner gone to trial. *See Lockhart*, 474 U.S. at 58-60; *see also Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) ("If an examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same or greater, charges at trial, he cannot show that the advice to plead guilty prejudiced him.")

The Supreme Court has stated "[t]hat a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *McMann v. Richardson*, 397 U.S. 759, 770 (1970). Therefore, counsel's allegedly erroneous advice regarding petitioner's likely sentence does not provide a basis for habeas relief. *See Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993). An unfulfilled promise or misleading statement made by a defense counsel to the defendant may render involuntary the defendant's subsequent plea of guilty and require the plea to be set aside; however, where, as in this case, a defendant states on the record that no promises, inducements,

coercion, or other undue influences have been offered or brought to bear upon him or her, the defendant will be held to this record denial and any prejudicial effect of trial counsel's erroneous advice is subsequently cured by the trial court's statements to petitioner and petitioner's voluntary plea. *See Christy v. Lafler*, No. 05-CV-74390-DT, 2007, WL 1648921, at *5 (E.D. Mich. June 6, 2007); *Owczarczak v. Bock*, No. 01-10031-BC, 2004 WL 192414, at *5 (E.D. Mich. Sept. 26, 2004).

Here, petitioner agreed on the record that the *Cobbs* agreement was the only agreement made to him when pleading guilty. *See* Plea Tr., at 7-8. There was no agreement made as to the guidelines range stated on the record. The judge's simple commitment to impose a sentence within the bottom third of the guidelines range precludes reliance by petitioner on claimed ineffective advice given by his lawyer. Petitioner's subsequent plea must therefore be found voluntary. For the reasons articulated above, petitioner's ineffective assistance of counsel claim is without merit and petitioner's objection is overruled.

**III.    Claims Based on Deprivation of Rights of the US Constitution (Ground 3 & Failure to Consider Mitigating Factors)**

Lastly, petitioner objects to the magistrate judge's conclusion that petitioner failed to state a claim upon which habeas relief can be granted under the United States Constitution based on the trial court's alleged errors during sentencing. (Pet'r's Obj. at 3.) Specifically, petitioner asserts that the trial court failed to afford him individualized consideration of mitigating evidence. This claim does not warrant habeas relief because the United States Supreme Court has limited its holdings concerning mitigating evidence to capital cases. *See Alvarado v. Hill*, 252 F.3d 1066, 1069 (9th Cir. 2001)

(citing *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991)); *see also Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (stating that the Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases).

Here, because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred due to the trial court's purported failure to consider mitigating evidence during sentencing. *See Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Therefore, petitioner's objection is overruled.

In sum, petitioner has failed to establish a violation of his federal constitutional rights which warrants habeas corpus relief and therefore his § 2254 application is denied.

### IV.     Certificate of Appealability

Before petitioner may appeal the court's decisions, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong*. See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its

examination to a threshold inquiry into the underlying merits of petitioner's claims. *Id.* at 36-37.

In his habeas petition, petitioner argued that he is entitled to habeas relief because his guilty plea was not voluntary or knowing (Claim I); his trial counsel was constitutionally ineffective (Claim II); and the trial court failed to consider mitigating evidence (Claim III). Having considered that matter, the court concludes that reasonable jurists could debate the court's assessment of petitioner's claims I and II. Accordingly, the court GRANTS a certificate of appealability as to claims I and II and GRANTS the application to proceed with an appeal *in forma pauperis*.

### V. Conclusion

Accordingly,

The report and recommendation of Magistrate Judge Paul J. Komives, dated January, 26, 2011 is ACCEPTED AND ADOPTED as this court's finding and conclusions of law.

Petitioner's petition for a writ of habeas corpus is DENIED.

A certificate of appealability is GRANTED as to claims I and II and the application to proceed with an appeal *in forma pauperis* is GRANTED.

SO ORDERED.

Dated: June 28, 2011

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 28, 2011, by electronic and/or ordinary mail and also to Martrell Howard at West Shoreline Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/Josephine Chaffee
Deputy Clerk